[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12339
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00614-KD-M

JONIE KEY,

Plaintiff-Appellee,

versus

JERRY C. LUNDY,
STEVE A. REED, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 7, 2014)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

In September 2012 Jonie Key filed suit against various public officials, law enforcement officers, and the Town of Mount Vernon, Alabama, alleging that she

was sexually assaulted by Mount Vernon Police Officer James Mott.  In this appeal, four of the defendants—Mount Vernon Mayor Jerry C. Lundy, Mount Vernon Chief of Police Steve A. Reed, Acting Mount Vernon Chief of Police Joe Cassidy, and Mount Vernon Public Safety Director Jerry K. Taylor (the Defendants)—challenge the district court's denial of their motion to dismiss based on qualified immunity.  Mott did not move to dismiss Key's action against him and he is not a party to this appeal.  Upon review, we remand to allow Key to amend her complaint in light of our recent decision in Franklin v. Curry, 738 F.3d 1246 (11th Cir. 2013).

## I.

Key makes the following factual allegations in her Amended Complaint, which at the motion to dismiss stage are accepted as true.  See Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).  On September 29, 2010, Key was in custody in the Mount Vernon city jail.  Officer James Mott was on duty at the jail that day.  Mount Vernon's policy or practice did not require same gender supervision of inmates.  While supervising Key's use of the telephone located in a small room at the jail, Mott forced Key to have nonconsensual sexual intercourse.

As background Key alleges that Mott was hired as a police officer by the town of Mount Vernon, Alabama, in April 2010.  Prior to working for Mount Vernon, Mott had been terminated for cause or left each of his previous law

2

enforcement positions due to reasons that included improper interactions with inmates, failure to comply with prisoner handling guidelines, improper comments to fellow employees, altering records, and allegations of sexual harassment.

Key alleges that the Defendants were policy makers with regard to the hiring practices, supervisory practices, and training practices of the Mount Vernon Police Department. She claims Defendants hired Mott despite their knowledge of his previous employment record, and then failed to train or supervise him. Key further alleges that the Defendants failed to take any action despite their belief that Mott regularly drank alcohol and engaged in sexual activity in his patrol car while on duty.

Based on these allegations, Key filed suit in the Southern District of Alabama. All defendants (again, except for Mott) filed motions to dismiss Key's Amended Complaint. The district court granted these motions in substantial part. The only claims remaining against the four Defendants who bring this appeal after the district court's order were those brought under 42 U.S.C. § 1983 based on violations of the Eighth Amendment. The district court rejected the Defendants' argument that these § 1983 claims were barred by qualified immunity, finding Key had stated a constitutional claim sufficient to survive a motion to dismiss. The Defendants then filed this appeal.

II.

We review the denial of a motion to dismiss de novo and determine whether the complaint alleges a clearly established constitutional violation, accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (citations omitted). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007).

To establish supervisory liability under § 1983 for a constitutional violation, as Key attempts to do here, she must allege that the supervisor-defendant "personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Franklin, 738 F.3d at 1249 (emphasis added). A causal connection can be established in a variety of circumstances, including where the supervisor's policy or custom resulted in deliberate indifference. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

4

Deliberate indifference requires the plaintiff allege subjective knowledge of a risk of serious harm and disregard of that risk by conduct that is more than gross negligence.  Franklin, 738 F.3d at 1250.  In order to prevail on the merits in a § 1983 action against a defendant in his individual capacity, the plaintiff generally must show that the defendant was personally involved in specific acts or omissions that resulted in the constitutional deprivation.  See, e.g., Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1236–37 (11th Cir. 2010); see also Franklin, 738 F.3d at 1251 n.5 (noting that "[m]eeting these requirements without any individualized allegations other than Appellants' names and titles is unlikely").

As in our recent decision in Franklin, the Defendants here argue that a claim of deliberate indifference is no longer sufficient after Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).  Instead they argue that Key must allege a purposeful and intentional violation of her constitutional rights.  However, we rejected that argument in Franklin, another Eighth Amendment case.  738 F.3d at 1252 n.7.  As we noted in Franklin, the factors necessary to establish a § 1983 claim will vary with the constitutional provision at issue.  Id. (quoting Iqbal, 556 U.S. at 676, 129 S. Ct. at 1948).  We also distinguished Iqbal—which involved claims of invidious discrimination—from the Eighth Amendment deliberate indifference claim at issue in Franklin.  Id.  Similarly, Key's § 1983 claims against the Defendants for violations of the Eighth Amendment can survive without allegations of purposeful

5

and intentional conduct as long as she meets this Circuit's standard for deliberate indifference.

Franklin also addressed the sufficiency of allegations of supervisory liability under the deliberate indifference standard in a factual scenario strikingly similar to that alleged by Key.  Id. at 1250–52.  Because the parties and the district court did not have the benefit of our decision in Franklin, we remand with instructions that the district court give Key an opportunity to amend her complaint in accordance with that decision.  Brisson v. Ford Motor Co., 349 F. App'x 433, 435 (11th Cir. 2009); Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) (noting "well-established rule that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief'" (quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 101–02 (1957) (footnote omitted)).  The Defendants may then renew their motion to dismiss if warranted.

### III.

In light of our recent decision in Franklin, we REMAND for further proceedings consistent with this opinion.

**REMANDED.**

6