Patrick NEPTUNE, Plaintiff,

v.

WHETSTONE PARTNERS, LLC, d/b/a eTitleLoan, Defendant.

Case No. 14–CV–61016.

United States District Court, S.D. Florida.

Signed July 24, 2014.

Filed July 28, 2014.

*Id.*

Amanda Jamison Allen, Morgan & Morgan, PA, Tampa, FL, for Plaintiff.

James Barker Flanigan, Stephanie Vellios, Tripp Scott, P.A., Fort Lauderdale, FL, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WILLIAM P. DIMITROULEAS, District Judge.

**THIS CAUSE** is before the Court on Defendant WHETSTONE PARTNERS, LLC, d/b/a eTitleLoan ("WHETSTONE" or "Defendant")'s Motion to Dismiss [DE 7]. The Court has carefully considered the Motion, Plaintiff Patrick Neptune ("Neptune" or "Plaintiff")'s Response [DE 13], Defendant's Reply [DE 14], and is otherwise fully advised in the premises.

### I. BACKGROUND

The parties to this action are Plaintiff Patrick Neptune ("Plaintiff") and Defendant Whetstone Partners, LLC d/b/a eTitleLoan ("Defendant"). [DE 1]. Plaintiff is a natural person residing in Broward County, Florida. *Id.* ¶ 5. Plaintiff is the regular user and carrier of the cellular telephone number at issue, and was the called party and recipient of Defendant's calls. ¶ 10. Defendant is a corporate entity responsible for attempting to collect a con-

sumer debt from Plaintiff and is transacting business in the State of Florida. ¶ 8.

On or about October 17, 2013, Plaintiff procured a loan with Defendant, for which payment was to be made by the Plaintiff on the 17th of each month for the term of one year. ¶ 15. In or about November 14, 2013, Defendant initiated its campaign of phone calls to Plaintiff on·his cellular telephone. ¶ 16. On or about November 14, 2013, Plaintiff received an automated telephone call to his cellular telephone from Defendant who left a voicemail, which included a pre-recorded voice reminding Plaintiff that his payment was due. ¶ 17. On or about November 14, 2013, Plaintiff called Defendant and spoke with a female agent or representative, stating that his payment was not yet due, to stop calling him, and revoked any express consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice. ¶ 18.

Defendant made approximately forty-five (45) calls to Plaintiff's cellular telephone from November 2013 through the April 29, 2014 filing of the Complaint. ¶ 19. For example, from February 14–17, 2014, Defendant placed seven such calls to Plaintiff's cellular telephone. [DE 1–3]. On more than five occasions, Plaintiff has answered Defendant's phone call in an attempt to be removed from the call list, informing Defendant not to call him any longer. ¶ 20. Each of Plaintiff's conversations with Defendant demanding an end to the calls was ignored. ¶ 21.

Defendant's corporate policy and procedures (1) are structured as to continue to call individuals even if they have revoked any consent Defendant may have had; (2) provided no means for Plaintiff to have his cellular number removed from the call list; (3) include using an automatic telephone dialing system or a prerecorded or artifi-cial message to collect debts and solicit continued business from individuals such as Plaintiff for its financial benefit. ¶¶ 22, 23, 24.

Based on this conduct, Plaintiff initiated this action on April 29, 2014, bringing the following claims: (1) Count I for Violations of Telephone Consumer Protection Act (the "TCPA"); and (2) Count II for Violations of the Florida Consumer Collection Practices Act (the "FCCPA"). Through the instant Motion [DE 7], Defendant seeks dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules").

## II. *STANDARD OF REVIEW*

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "[A] court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir.2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. "Mere labels and conclusions or a formula-

ic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir.2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir.2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir.2013) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

### III. *DISCUSSION*

First, Defendant asserts that Plaintiff's TCPA claim fails because Plaintiff has not sufficiently alleged the use of an automatic telephone dialing system ("ATDS") or a prerecorded voice. Second, Defendant asserts that Plaintiff's allegations do not support plausible claims under the FCCPA because (1) the Plaintiff does not allege that the Defendant had actual knowledge of any violations and (2) the Plaintiff does not allege facts supporting harassment or abuse. The Court will consider each argument in turn.

#### A. *Count I for Violations of the TCPA*

The relevant provision of the TCPA provides as follows:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States ... [t]o make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

■ Defendant argues that Plaintiff's TCPA claim is insufficiently pled because he recites the statutory elements of the use of an ATDS or prerecorded voice without alleging additional facts to support those facts. *See Johansen v. Vivant, Inc.*, 2012 WL 6590551, *3 (N.D.Ill. Dec. 18, 2012) ("Use of an ATDS and the prerecorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details.").

Upon consideration, the Court concludes that Plaintiff's Complaint includes sufficient allegations that support his claim that the calls were autodialed or the messages were prerecorded. Plaintiff alleges that Defendant made approximately forty-five (45) calls to Plaintiff's cellular telephone from November 2013 through April 2014. ¶ 19. Plaintiff alleges that on numerous occasions Defendant called Plaintiff several times during one day, and on back to back days. ¶ 11. For example, from February 14–17, 2014, Defendant placed seven such calls to Plaintiff's cellular telephone. [DE 1–3]. Plaintiff describes the generic content of the messages, *i.e.*, a prerecorded voice reminding Plaintiff that his payment was due. ¶ 17. Plaintiff also alleges that Defendant ignored each of Plaintiff's demands that Defendant cease calling him for payments before his payments were due, which also suggests that Defendant was autodialing Plaintiff. ¶¶ 20, 21. Accordingly, Defendant's motion to dismiss the TCPA claim shall be denied.

### B. *Count II for Violations of the FCCPA*

#### (1) Fla. Stat. § 559.72(7)

█ Plaintiff claims that Defendant's actions violated Fla. Stat. § 559.72(7), which provides that "[i]n collecting consumer debts, no person shall [w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7).

While Defendant's position is correct that numerous calls to remind the debtor of the debt does not necessarily rise to the level of harassment, *see Borneisen v. Capital One Financial Corp.*, 2011 WL 2730972 (M.D.Fla. Jul. 13, 2011), *aff'd* 490 Fed. Appx. 206 (11th Cir.2012), here, Plaintiff alleges that, despite numerous request by Plaintiff to Defendant to stop calling him to collect his monthly payments before they were due, Defendant continued to call him many times in an attempt to collect monthly payments that were not yet due. Under these circumstances, the Court finds the allegations sufficient to withstand a motion to dismiss.

#### (2) Fla. Stat. § 559.72(9)

█ Plaintiff also claims that Defendant's actions violated Fla. Stat. § 559.72(9), which provides that "[i]n collecting consumer debts, no person shall [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). "To establish a violation under section 559.72(9) of the FCCPA, 'it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist.'" *Bentley v. Bank of America, N.A.*, 773 F.Supp.2d 1367 (S.D.Fla.2011) (quoting *Pollock v. Bay Area Credit Serv., LLC*, 2009 WL 2475167, at *9 (S.D.Fla. Aug. 13, 2009)). Additionally, "[t]o plead a FCCPA claim, a party must allege 'knowledge or intent by the debt collectors in order to state a cause of action.'" *Id.* (quoting *Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009)).

Defendant argues in its motion to dismiss that Plaintiff has failed to allege a legal right that did not exist and knowledge by Defendant. The Court disagrees. Plaintiff alleges that he procured a loan with Defendant, for which payment was to be made by the Plaintiff on the 17th of each month for the term of one year. Plaintiff has sufficiently alleged knowledge by Defendant of when Plaintiff's monthly payment was due. Plaintiff also sufficiently alleges that Defendant was attempting to collect payments from him when they were not yet due, *i.e.*, that Defendant was asserting a legal right that did not exist. Accordingly, Defendant's motion to dismiss the claim for violation of section 559.72(9) of the FCCPA shall be denied.

### IV. CONCLUSION

For the foregoing reasons, it is **OR-DERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 7] is **DENIED.**