[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-13416

————————————————

D.C. Docket No. 6:12-cv-03521-RDP

MARY KRISTINA SMITH,

Plaintiff-Appellant,

versus

CITY OF SUMITON,
T.J. BURNETT,
Chief of Police of Sumiton Police Department and Jail,
Individually and in his official capacity as an Officer and employee of Sumiton,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(August 27, 2014)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Mary Kristina Smith appeals the district court's dismissal of her 42 U.S.C.

§ 1983 claim against the City of Sumiton, Alabama, and its chief of police, T.J.

Burnett.  Because our decision in Franklin v. Curry, 738 F.3d 1246 (11th Cir. 2013), forecloses Smith's appeal, we affirm the dismissal of her § 1983 claim.[1]

I.

In her second amended complaint, which is the relevant pleading here, Smith alleged that in October 2010, while she was a pretrial detainee at the Sumiton jail, she was sexually assaulted by Chris Daughtery a City police officer.  She claimed that the deliberate indifference of the City and Chief Burnett to the risks posed by Daughtery violated her constitutional rights.[2]  The district court found that Smith had failed to state a claim of deliberate indifference against either the City or Chief Burnett, and Smith appealed.[3]

For purposes of this appeal, the key allegation in Smith's pleading is this one:

> Defendants City of Sumiton . . . and T.J. Burnett each knew or should have known of Defendant [Daughtery's] pattern and practice of sexual assault, misconduct, harassment and abuse of female inmates, detainees and arrestees.  These Defendants failed to take adequate action to prevent the abuse which Plaintiff suffered.

Doc. 29, Second Amended Complaint ¶ 16 (emphasis added).  Smith contends that the district court erred in dismissing her claim because in Franklin v. Curry a

---

[1] Smith has not appealed, and we do not address, the dismissal of her other claims.

[2] Daughtery died before Smith's lawsuit was filed.  Neither he nor his estate, if one has been established, is a party to this appeal.

[3] The court also found that, because Smith had not pleaded a sufficient claim against Chief Burnett, he was entitled to qualified immunity.

2

different district court found that "the same" or "almost identical" allegations were sufficient to state a claim for deliberate indifference.  See No. 2:12-CV-03646-AKK, 2012 WL 6755060 (N.D. Ala. Dec. 27, 2012).

In Franklin, plaintiff Cindy Laine Franklin alleged that Michael Keith Gay, a Shelby County corrections officer, sexually assaulted her and that the Sheriff of Shelby County, among Gay's other supervisors, had been deliberately indifferent to the risks that Gay presented.  Id. at *2–3.  Franklin's complaint said in particular that:

> Plaintiff Franklin alleges that [the Sheriff of Shelby County] knew or should have known that Defendant Gay was sexually harassing, or sexually assaulting female inmates or detainees; trading sexual relations with female inmates or detainees for favors or having sexual relations with female inmates or detainees; and making sexually inappropriate remarks or threats against female inmates or detainees.

Complaint ¶ 30, Franklin v. Curry, No. 2:12-cv-03646-AKK (emphasis added).

We agree with Smith that her allegations are "almost identical" to the allegations made by Franklin.  Both Franklin and Smith alleged that the defendants "knew or should have known" that particular officers presented a substantial risk of harm because of sexual assaults that the officers had committed before assaulting them.  The virtual similarity of the pleadings, which Smith embraced in her brief, is now fatal to her claim because we have since held in Franklin that allegation is insufficient to state a claim for deliberate indifference.  See 738 F.3d at 1249.

3

Our Franklin decision is binding precedent that Smith's "knew or should have known" allegation "falls short of [the] standard" for deliberate indifference. Id.  To state a claim for deliberate indifference, a plaintiff must show:  "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence."  Id. at 1250 (quotation marks omitted).  That means that "[t]o be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. (quotation marks omitted).  Absent an allegation that the supervisor or city "actually knew of the serious risk [the offending corrections officer] posed," id., there is no claim.

We note that a paragraph of Smith's second amended complaint does allege that:  "Defendants and its officials knew, should have known, or participated in acts of sexual harassment and abuse inside the City of Sumiton Jail or by Sumiton Police Officers or employees in the past and were aware of previous misconduct of [Daughtery], but failed to correct those actions."  Second Amended Complaint ¶ 31 (emphasis added).[4]  Another paragraph alleges that "Defendants had knowledge of

---

[4] In paragraph no. 31, Smith also alleges that "[u]pon information and belief, other individuals have been subjected to the same sexual assault and sexual abuse by [Daughtery]." We do not discuss that allegation because, for purposes of a Rule 12(b)(6) motion to dismiss, we

4

these acts and the potential for this kind of action taken by . . . Daughtery based on previous similar acts he had committed." Id. at ¶ 32 (emphasis added). Smith seems to have abandoned those allegations in her brief, which argues that "knew or should have known" is enough. See Appellant's Brief at 1, 5, 10, 13, 14, 17, 24. Even if she has not abandoned any argument based on those allegations, her second amended complaint is still due to be dismissed because those allegations are too conclusory to state a claim.

The Supreme Court has instructed us that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Franklin, 738 F.3d at 1251 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949). That means the complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a plaintiff cannot rely on

---

do not have to take as true allegations based merely "upon information and belief." Mann v. Palmer, 713 F.3d 1306, 1315 (11th Cir. 2013) (citing Twombly, 550 U.S. at 551, 557, 127 S.Ct. at 1962–63, 1966).

"'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting

Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1964–65, 1966).

To determine whether a plaintiff has pleaded sufficient allegations to survive

a motion to dismiss, we take a "two-pronged approach." Id. at 679, 129 S.Ct. at

1950.  First, we "separat[e] out the complaint's conclusory legal allegations," and

then we "determin[e] whether the remaining well-pleaded factual allegations,

accepted as true, plausibly give rise to an entitlement to relief." Franklin, 738 F.3d

at 1251 (citing Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950).  By themselves,

paragraph nos. 31 and 32 of Smith's second amended complaint give only

conclusory legal allegations or a "formulaic recitation of the elements" of her

§ 1983 claim.  See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting Twombly,

550 U.S. at 555, 127 S.Ct. at 1965) (quotation mark omitted).

Paragraph no. 31 alleges that the defendants were aware of Daughtery's

"previous misconduct," while paragraph no. 32 attempts to explain how the

defendants allegedly had that awareness:  "Defendants had knowledge of these acts

and the potential for this kind of action taken by Defendant Daughtery based on

previous similar acts he had commit[t]ed."  Taking that allegation as true, the fact

that Daughtery had engaged in "similar acts" in the past does not necessarily or

even probably mean that the defendants knew about those acts.  Daughtery could

have committed those alleged acts when no one else was around to observe him,

6

and it may be that Smith was the first one to complain about his conduct.  There is no allegation that connects Daughtery's alleged earlier misconduct with the defendants' alleged knowledge of it.  Without that link, Smith's allegations in paragraph nos. 31 and 32 are merely conclusory.

The only factual support for those allegations found in the second amended complaint comes from paragraph nos. 12–15, which state:

> 12.  On or about the middle of October 2010, Plaintiff Mary Kristina Smith was arrested by the City of Sumiton Police Department and taken to the City of Sumiton Jail because of unpaid traffic violations.
>
> 13.  Plaintiff was forced to stay the night in the City of Sumiton Jail. During the first night she was arrested, taken to the Sumiton Jail and incarcerated, Defendant Daughtery threatened her, made verbal sexual threats and forced Plaintiff to perform unwanted sex acts on him and sexually harassed her, sexually assaulted her and sexually abused her.
>
> 14.  Because of the verbal and physical threats, assault and battery, and the position of power asserted by Defendant Daughtery over Plaintiff, Plaintiff had no choice but to be subjected to the unwanted sexual acts against her will while in the custody of the City of Sumiton, City of Sumiton Jail, City of Sumiton Police Department and T.J. Burnett, the Chief of Police.
>
> 15.  Prior to October 2010, while employed by the City of Sumiton, City of Sumiton Jail and the City of Sumiton Police Department and under the supervision and control of Defendant Burnett,  Defendant Daughtery committed sexual harassment and/or sexual assault against individuals arrested or incarcerated by the City of Sumiton.

Second Amended Complaint ¶¶ 12–15.  Disregarding, as our two-prong approach requires us to do, Smith's conclusory allegations about the City and Chief Burnett's awareness or knowledge of Daughtery's past misconduct, paragraph nos. 12–15 give us the following properly pleaded facts:  (1) in mid-October 2010,

7

Smith was arrested by the City's police department for unpaid traffic tickets and taken to the City's jail; (2) on her first night in jail, Daughtery, a City police officer, threatened and sexually assaulted her; (3) some unspecified time before assaulting Smith, Daughtery had "committed sexual harassment and/or sexual assault against individuals arrested or incarcerated by the City."

While those allegations are enough to plead that Smith was assaulted, they do not support a plausible claim that the City or Chief Burnett was aware of or knew about Daughtery's alleged prior sexual harassment or assaults. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570, 127 S.Ct. at 1974; Franklin, 738 F.3d at 1251. Nor has Smith provided factual matter that would support a plausible claim for supervisory or municipal liability on a ground other than the City's or Chief Burnett's alleged knowledge of Daughtery's prior misconduct.

For these reasons, the district court's judgment dismissing Smith's second amended complaint is **AFFIRMED.**

8