ELECTRONIC COMMUNICATION
TECHNOLOGIES, LLC,
Plaintiff,

v.

CLEVER ATHLETICS CO.,
LLC, Defendant.

CASE NO.: 9:16–cv–81466–WPD/LSS

United States District Court,
S.D. Florida.

Signed December 19, 2016

Peter Andrew Koziol, Eric N. Assouline, Greg M. Popowitz, Assouline & Berlowe, P.A., Boca Raton, FL, for Plaintiff.

Todd Allen Jennings, MacFarlane Ferguson & McMullen, P.A., Clearwater, FL, for Defendant.

### ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM AND STRIKE AFFIRMATIVE DEFENSES

WILLIAM P. DIMITROULEAS,
United States District Judge

THIS CAUSE is before the Court upon Plaintiff Electronic Communication Technologies, LLC ("Plaintiff" or "Electronic")'s Motion to Dismiss Counterclaim and Strike Affirmative Defenses [DE 16], filed herein on November 21, 2016. The Court has carefully considered the Motion [DE 16], Defendant Clever Athletics Co., LLC's ("Defendant" or "Clever")'s Response [DE 19], Plaintiff's Reply [DE 21], and is otherwise fully advised in the premises.

### I. Background

On August 19, 2016, Plaintiff filed its Complaint against Defendant, alleging a single count, that Defendant has and is willfully infringing its patent—U.S. Pat. No. 9,373,261(the "'261 Patent"), invented by Scott A. Horstemeyer, entitled Secure Notification Messaging With User Option to Communicate with Delivery or Pickup Representative issued on June 21, 2016. *See* [DE 1]; [DE 1–1].

On October 13 2016, Defendant filed an Answer and Affirmative Defenses and Counterclaims. *See* [DE 10]. On November 21, 2016, Plaintiff filed the instant motion, requesting that the Court enter an order striking five of the affirmative defenses and dismissing Defendant's Counterclaims. [DE 34].

### II. Analysis

#### A. *Motion to Strike Affirmative Defenses*

■ Rule 12(f) permits a court to strike an insufficient defense. *See* Fed. R. Civ. P. 12(f). Striking an affirmative defense is a drastic remedy that is disfavored and that will be granted only if it is clear that the

defense must fail. *Augustus v. Bd. of Pub. Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962). Furthermore, "both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic ... motions under Rule 12(f) are viewed with disfavor and are infrequently granted." 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1380 (3d ed. 2008). "[I]t must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Id.*

■ Affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly/Iqbal. See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 & n.3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) ("After reviewing the case law on the issue and the purpose of an affirmative defense, this Court finds that affirmative defenses should be subject to the same general pleading standards of complaints.").[1] Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to give the opposing party fair notice of the claim and its grounds. *See Twombly*, 550 U.S. at 555–56, n.3, 127 S.Ct. 1955. The pleading must articulate enough facts to raise a plausible right to relief on the assumption that all of the non-conclusory, factual allegations in the complaint are true. *Id.* at 555, 127 S.Ct. 1955; *Iqbal*, 129 S.Ct. at 1949. Formulaic recitations filled with labels and conclusions without factual allegations are insufficient. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

Plaintiff argues that Defendant's First, Second, Third, Fifth, and Sixth Affirmative Defenses affirmative defenses should be stricken. Upon a careful review, the Court agrees.

The First and Third affirmative defenses lack the specificity required by *Twombly/Iqbal*, as well as Fed. R. Civ. P. 9(b) where applicable. These affirmative defenses are nothing more than conclusory allegations that fail to allege sufficient facts to support those conclusions. Plaintiff should have fair notice of the specific factual allegations underlying each particular defense. Therefore, the Court will strike these affirmative defenses but allow Defendant an opportunity to re-plead them. *See, e.g., New York Discount Plus, Inc. v. Scottsdale Ins. Co.*, No. 13–24231–CIV, 2014 WL 467235 (S.D. Fla. Feb. 5, 2014) (striking affirmative defenses that did not include adequate factual support but granting leave to replead). Accordingly, these affirmative defenses shall be stricken, with leave to amend with the required specificity, within fourteen (14) days of the date of this Order.

■ In addition, the Second, Fifth and Sixth affirmative defenses are simply denials; just pointing out a defect in plaintiff's prima facie case is not an affirmative defense. *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988); *Nature's Prod., Inc. v. Natrol, Inc.*, No. 11–

---

1. The Eleventh Circuit has not yet decided this issue, and some district courts have held that affirmative defenses are subject to a different standard. *See, e.g., Ramnarine v. CP RE Holdco 2009–1, LLC*, No. 12–61716–CIV, 2013 WL 1788503, at *2 (S.D. Fla. Apr. 26, 2013).

This Court will continue to rule consistently with its precedent that the *Twombly/Iqbal* standard applies. *See Aidone v. Nationwide Auto Guard, L.L.C.*, 295 F.R.D. 658, 660 (S.D. Fla. 2013).

62409–CIV, 2012 WL 12844708, at *2 (S.D. Fla. Feb. 15, 2012); *Vallesillo v. Remaca Truck Repairs*, No. 09–80714, 2009 WL 4807397, at *4 (S. D. Fla. Dec. 4, 2009). A defense that denies an allegation in the plaintiff's complaint also is not an affirmative defense. *Perlman v. Wells Fargo Bank, N.A.*, No. 10–81612–CV, 2014 WL 4449602, at *2 (S.D. Fla. Sept. 10, 2014). Accordingly, these defenses shall be stricken. In its amended answer and affirmative defenses, Defendant is instructed to plead its denials separately and apart from any affirmative defenses that it may raise.

### B. Motion to Dismiss Counterclaims

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

■ Here, Plaintiff argues that the Counterclaims for declaratory judgment of noninfringement by Defendant and for invalidity of the '261 Patent should be dismissed because (a) they are redundant of the issues raised in the Complaint and fail to serve a useful purpose and (b) they fail to state a claim under Fed. R. Civ. P. 12(b)(6) pursuant to the *Twombly/Iqbal* pleading standards. The Court rejects the former argument, *see, e.g.*, *Brain Pharma, LLC v. Woodbolt Distribution, LLC*, No. 12–60141–CIV, 2012 WL 12845116, at *2–3 (S.D. Fla. July 23, 2012) ("In summary, the Court cannot hold at this stage in the litigation that Cellucor's counterclaims serve no useful purpose, or that a resolution of BPI's claim and Cellucor's affirmative defenses would necessarily resolve the questions raised by the counterclaims."). However, the Court agrees with the latter contention that the Counterclaims fail to contain sufficient factual allegations to support Defendant's claims. The Court will allow Defendant to amend its Counterclaims, with the obligatory pleading requirements set forth in *Iqbal* and *Twombly*, within fourteen (14) days of the date of this Order.

### III. Conclusion

Based upon the forgoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Dismiss Counterclaim and Strike Affirmative Defenses [DE 16] is hereby **GRANTED**, as set forth herein;

2. Defendant shall file its amended Answer, Affirmative Defenses, and Counterclaims in accordance with this Order within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of December, 2016.