[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-14053

Non-Argument Calendar

————————————————

HAROLD JEAN-BAPTISTE,

Plaintiff-Appellant,

*versus*

UNITED STATES DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL OF THE UNITED STATES,
FEDERAL BUREAU OF INVESTIGATIONS,
DIRECTOR, FEDERAL BUREAU OF INVESTIGATION,
JUAN ANTONIO GONZALEZ, JR.,
a.k.a. Tony,
in his individual capacity and official capacity as
United States Attorney, et. al.,

2                    Opinion of the Court                    23-14053

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-22531-JEM

_____

_____

No. 24-10110

Non-Argument Calendar

_____

HAROLD JEAN-BAPTISTE,

Plaintiff-Appellant,

*versus*

UNITED STATES DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL OF THE UNITED STATES,
FEDERAL BUREAU OF INVESTIGATIONS,
DIRECTOR OF THE FEDERAL BUREAU OF
INVESTIGATIONS,
CIVIL PROCESS CLERK FOR THE U.S. ATTORNEY'S
OFFICE FOR THE SOUTHERN DISTRICT

23-14053                Opinion of the Court                3

OF FLORIDA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-22761-KMM

_____

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Harold Jean-Baptiste, proceeding *pro se*, filed two separate amended complaints[1] alleging various statutory and constitutional violations based on his allegations that the government has conspired to injure or kill him.  He appeals following the district court's dismissals of his amended complaints as shotgun pleadings

---

[1] This is a consolidated appeal arising from two separate orders from two different district court judges for the U.S. District Court for the Southern District of Florida, dismissing Jean-Baptiste's operative *pro se* complaints.  (*See* CM/ECF for the 11th Cir., case no. 23-14053; CM/ECF for the U.S. Dist. Ct. for S.D. Fla, case no. 1:23-cv-22531-JEM ("Jean-Baptiste I")); (*see also* CM/ECF for the 11th Cir., case no. 24-10110; CM/ECF for the U.S. Dist. Ct. for S.D. Fla, case no. 1:23-cv-22761-KMM ("Jean-Baptiste II")).  These separate civil proceedings in the district court were consolidated on appeal as they concern similar defendants and a similar factual background.

and as frivolous. On appeal, he argues that the district courts improperly dismissed his cases based on judicial bias, denied his First Amendment right to petition the government for a redress of grievances, and inaccurately applied the law. He also requests that we enter default judgment against the defendants.

We review the district court's dismissal of a complaint on shotgun pleading grounds for abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A district court's exercise of its inherent powers is reviewed for abuse of discretion. *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1328 (11th Cir. 2002). "Discretion means that the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

A shotgun pleading violates Fed. R. Civ. P. 8(a)(2), which requires that a complaint contain a short, plain statement of the claim showing that the plaintiff is entitled to relief, or Rule 10(b), which requires that a party state his claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 8(a)(2), 10(b); *Weiland*, 792 F.3d at 1320.

We have recognized four categories of shotgun pleadings, including complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously

connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Weiland*, 792 F.3d at 1321-23.

Still, a district court can dismiss a complaint on shotgun pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits." *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *see also Bank v. Pitt*, 928 F.2d 1108, 112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) *(en banc)* (holding that a *pro se* plaintiff must generally be given "one chance to amend the complaint before the district court dismisses the action [under Rule 12(b)(6)] with prejudice," unless such an amendment would be futile).

Our precedent allows a district court to dismiss an action under its inherent powers that is so patently lacking in merit as to be frivolous when the party that brought the case has been given notice and an opportunity to respond. *Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983). An exception exists when amending the complaint would be futile, or when the complaint is patently frivolous. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

Frivolous claims include claims describing "fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)) (defining

frivolity in the context of *in forma pauperis* proceedings).  We review frivolity determinations for abuse of discretion because they are "best left to the district court." *Id*.  "A claim is frivolous if it is without arguable merit either in law or fact." *Id*.  A court may consider "a litigant's history of bringing unmeritorious litigation" when determining frivolousness.  *Id*. at 1350.  A court need not presume that the facts alleged in the complaint are true if they are "far-fetched or baseless."  *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).  "Conclusory allegations fail to apprise defendants of the factual basis of the plaintiff's claims." *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013).

*Pro se* pleadings are liberally construed and held to less stringent standards than those drafted by lawyers, but they must still suggest some factual basis for a claim.  *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

Issues not briefed on appeal are deemed abandoned.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  Issues not raised in an initial brief are deemed abandoned.  *United States v. Levy*, 379 F.3d 1241, 1242-45 (11th Cir. 2004).

An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted).  Further, when a district court order is based on multiple, independent grounds, an appellant must demonstrate that "every stated ground for the judgment against him is incorrect."  *Id*. at 680.  "When an appellant fails to challenge properly on appeal one

of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*

In civil cases, we will generally not consider an issue not raised in the district court. *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1352 (11th Cir. 2017). To preserve a claim or argument, a party must first present it to the district court in a manner that gives the court an opportunity to recognize and rule on it. *Gennusa v. Canova*, 748 F.3d 1103, 1116 (11th Cir. 2014). If a party failed to invoke a federal recusal statute to the district court, review is for plain error. *Hamm v. Members of Bd. Of Regents*, 708 F.2d 647, 651 (11th Cir. 1983). Under the plain error standard, an appellant must show that there was (1) an error, (2) that was plain, and (3) the error affected his substantial rights. *See Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1307 (11th Cir. 2020). Further, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Local Rule 3-1 states that the failure to object to a magistrate judge's report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the period for objecting and the consequences on appeal for failing to object. 11th Cir. R. 3-1. In such instances, we "may review for plain error if necessary in the interest of justice." *Id.*

Here, we conclude that Jean-Baptiste has abandoned any challenge to the district court's dismissals of his amended complaints because he failed to challenge, on appeal, the grounds relied upon by the courts in their dismissal orders, specifically that his amended complaints constituted impermissible shotgun pleadings and contained frivolous and fantastical allegations. He also waived any challenge to the court's dismissal of his operative complaint in Jean-Baptiste II because he failed to file objections to the magistrate judge's conclusions.

Assuming that the arguments were not abandoned, we also conclude that the district courts did not abuse their discretion by dismissing Jean-Baptiste's amended complaints. First, the amended complaints constituted shotgun pleadings as they raised multiple claims against multiple defendants without specifying which claim was against which defendant, they did not reference which acts or omissions were committed by which defendant for which claim, and they contained conclusory and vague language. Second, Jean-Baptiste failed to argue on appeal that he should have been granted leave to amend his complaints before dismissal, and any amendment would have been futile. In addition, we also conclude that the district courts did not abuse their discretion by dismissing his amended complaints as patently frivolous because they contained allegations that an unknown Federal Bureau of Investigation agent worked with various entities to conspire to kill him through the ingestion of toxic substances at Publix and Target, and the district court is best positioned to determine frivolity. For his arguments related to judicial bias, he failed to preserve this issue

as he did not raise it below and he cannot show that any error was plain and affected his substantial rights. Finally, his request for default judgment is not proper because the defendants have not failed to comply with this Court's rules.

We thus affirm in this consolidated appeal the two separate district court orders dismissing Jean-Baptiste's amended complaints.

**AFFIRMED.**