[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13773
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:10-cv-00112-WTM-GRS

GARY C. ARMS,

                                                                    Plaintiff,

CHARLES DUBEE,
ANTHONY GIROUX,
GERRY GIROUX,
NATHAN GRAY,
JANENE RENEE GRAY,
DAVID SODERLINE,
WALTER SODERLINE,
FRAIN SIMPLIS,
STEPHANIE MILLER,
CHARLES MILLER,

                                                      Plaintiffs - Appellants,

versus

J.P. MORGAN CHASE & CO.,

                                                        Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Georgia

(January 19, 2012)

Before CARNES, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

This is an appeal of the district court's grant of J.P. Morgan Chase & Co.'s Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. After thorough review, we affirm the district court.

In 2007, Appellants got construction loans from Transland Financial Services to finance housing developments in Savannah, Georgia. Appellants allege that Transland concealed liquidity problems from them at the time they entered into the contract, and dissolved very soon afterward without fully funding the projects. Washington Mutual Bank ("WaMu") acquired the loan contracts from Transland, but itself declared bankruptcy in 2008 and was taken into receivership by the FDIC. Later that year, the FDIC sold WaMu's assets, including the loan contracts at issue, to J.P. Morgan Chase & Co. ("Chase") in a Purchase and Assumption Agreement.

Appellants filed suit in state court against Chase, seeking declaratory relief and to quiet title. They claim that Chase is not entitled to collect the amounts due on the loan contracts, because of fraudulent inducement on the part of Transland as well as the failure of Transland and WaMu to disburse the loan proceeds. Chase removed the case to federal court and filed a motion to dismiss for failure to state a claim. The district court granted the motion, and this appeal followed.

We review de novo a district court's dismissal of a complaint for failure to state a claim. Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009). In so doing, "we accept all well-pleaded facts as true, and we make all reasonable inferences in favor of the plaintiff." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 631 n.5 (11th Cir. 2010). In ruling upon a motion to dismiss, a district court may consider materials attached to pleadings if the materials are "(1) central to the plaintiff's claim, and (2) [their] authenticity is not challenged." SFM Holdings, Ltd. v. Banc of America Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010). Chase attached the Purchase and Assumption Agreement to its motion to dismiss. Appellants do not challenge the district court's reliance on this document in granting the motion, and in fact, they rely upon the Agreement in their own brief.

On appeal, Appellants raise a number of issues, including a challenge to the district court's conclusions regarding Chase's status as a holder in due course under 12 U.S.C. § 1823(e) and D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 62 S. Ct. 676 (1942). However, we need not address this issue in order to affirm the district court's decision to dismiss the complaint. Section 2.5 of the Purchase and Assumption Agreement between Chase and the FDIC makes clear:

> [A]ny liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is . . . legal or equitable . . . whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure . . . are specifically not assumed by the Assuming Bank.

The district court ruled consistent with the Agreement that when Chase purchased the loan contracts, it did not acquire any liabilities associated with those contracts.[1]

Appellants argue that Section 2.5 of the Agreement does not bar their claim, because by bringing a declaratory action to determine the "validity of the assets that Chase acquired from the FDIC," they have not sought to impose a liability on Chase. This argument fails. The Agreement expressly includes within its

---

[1] In making this statement, we express no opinion as to whether those liabilities remained with the FDIC at the time of purchase, or whether the FDIC acquired a quasi-holder in due course status under 12 U.S.C. § 1823(e).

definition of liability, "any . . . form of relief to any borrower," whether that relief is "legal or equitable," or "asserted affirmatively or defensively." Thus, Appellants' action to secure relief from their contractual obligation to repay the loans falls squarely within the terms of Section 2.5 of the Agreement.

Appellants also turn our attention to Section 3.3 of the Agreement, which states, "THE CONVEYANCE OF ALL ASSETS . . . SHALL BE MADE . . . 'AS IS' [AND] WITHOUT RECOURSE AND, EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THIS AGREEMENT, WITHOUT ANY WARRANTIES . . . WITH RESPECT TO . . . ENFORCEABILITY, [OR] COLLECTIBILITY." Appellants argue that this provision denies Chase all warranties as to the enforceability of the loan contracts. Be that as it may, this language does not negate Section 2.5 of the Agreement, by which Chase expressly did not assume any liabilities associated with the loan contracts. Instead, it disclaims certain rights that Chase might otherwise have against the FDIC. Thus, the disclaimer in Section 3.3 of the Agreement does nothing to alter Appellants' rights under the loan contracts acquired by Chase.

For the aforementioned reasons, we AFFIRM the district court's order.