**CITY OF MIAMI, a Florida Municipal Corporation, Plaintiff,**

v.

**JPMORGAN CHASE & CO., JPMorgan Chase Bank, N.A., JPMorgan Chase, and Chase Manhattan Bank USA, N.A., Defendants.**

CASE NO. 1:14–CV–22205–WPD

United States District Court, S.D. Florida.

Signed 03/17/2016

Entered 03/18/2016

**1310**

Elaine T. Byszewski, Lee M. Gordon, Hagens Berman Sobol Shapiro LLP, Pasadena, CA, Erwin Chemerinsky, The University of California, Irvine, CA, Howard Liberson, Joel Liberson, Trial and Appellate Resources, PC, El Segundo, CA, Robert S. Peck, Washington, DC, Steve W. Berman, Hagens Berman Sobol Shapiro LLP, Seattle, WA, Victoria Mendez, Office of the City Attorney, City of Miami, Miami, FL, Lance August Harke, Harke Clasby & Bushman LLP, Miami Shores, FL, for Plaintiff.

Brian Michael Ercole, Robert Mark Brochin, Morgan Lewis, Bockius, Miami, FL, for Defendants.

### ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

WILLIAM P. DIMITROULEAS, United States District Judge

THIS CAUSE is before the Court upon the Motion to Dismiss Second Amended Complaint (the "Motion") [DE 42], filed herein on December 14, 2015 by Defendants JPMorgan Chase & Company ("Chase & Co"), JPMorgan Chase Bank, N.A. ("Chase Bank"), JPMorgan Chase, and Chase Manhattan Bank USA, N.A. ("Defendants"). The Court has carefully considered the Motion [DE 42], the Plaintiff City of Miami ("Plaintiff" or "City")'s Response [DE 45], the Defendants' Reply [DE 46], and the oral arguments made by counsel at the March 11, 2016, hearing. The Court is otherwise fully advised in the premises.

### I. BACKGROUND

This suit is brought pursuant to the Fair Housing Act of 1968 ("FHA"), as amended, 42 U.S.C. § 3601 *et seq.*, to seek redress against Defendants

for the economic impact of its longstanding, unbroken policy and practice of

steering minority borrowers in Miami into "predatory" mortgage loans (defined herein as loans that have higher costs and risk features than more favorable and less expensive loans issued to similarly situated white borrowers) and for its policy of refusing to extend credit to minority borrowers who desired to refinance the more expensive loans they previously received when such credit was extended to white borrowers.

Sec. Am. Comp. [DE 40] at ¶ 1.

On October 9, 2014, prior to ruling on Defendants' motion to dismiss, the Court entered an order staying stay further proceedings in this action pending the Eleventh Circuit's resolution of appeals filed by the City in the three related actions, in which the Court had granted the defendants' motions to dismiss: *City of Miami v. Bank of Am. Corp.*, No. 1:13–cv–24506–WPD; *City of Miami v. CitiGroup Inc.*, No. 1:13–cv–24510–WPD; and *City of Miami v. Wells Fargo & Co.*, No. 1:13–cv–24508–WPD. *See* [DE 38].

In the dismissal orders on appeal, the Court held the City lacked statutory standing to sue under the FHA[1], that the City's FHA claim was barred by the statute of limitations, and that the City's claim for unjust enrichment failed to state a claim. *See id.* Although the Court held that it was "possible that an amendment could remedy the statute of limitations problems the Court [ ] identified with Plaintiff's Complaint," the Court ruled that an attempted amendment would be futile because of the City's lack of standing under the FHA to bring the action. *See* [DE

71] in case no. 1:13–cv–24506–WPD at p. 14, n. 4. On September 1, 2015, the Eleventh Circuit entered an Order affirming the Court's dismissal of the City's unjust enrichment claim for failure to state a claim, reversing the Court's dismissal as to statutory standing under the FHA, and remanding to allow the City the opportunity to replead in attempt to cure the time-bar problem. *See City of Miami v. Bank of America Corp.*, 800 F.3d 1262, 1284, 1286–87 (11th Cir.2015) ("Appeal Op.").

The Eleventh Circuit's opinion also provided guidance to the parties and the Court on remand. For the City to avoid another dismissal, it must plead a timely FHA claim by alleging sufficient facts to demonstrate discriminatory loans that were a continuation of Defendants' alleged practices closed within the limitations period. *See* Appeal Op., 800 F.3d at 1283–84. However, if the City could plead sufficient facts to show that such discriminatory loans closed within the limitations period, the City could "plausibly invoke the continuing violation doctrine" "at least at the pleading stage," despite the alleged changes over the years in the burdensome terms of the Defendants' mortgage loans. Appeal Op., 800 F.3d at 1284–86. Additionally, regarding the pleading requirements for a disparate impact claim under the FHA, the Eleventh Circuit guided the parties and the Court that the Supreme Court's recent decision in *Texas Department of Housing & Community Affairs v. Inclusive Communities Project, Inc.*, —— U.S. ——, 135 S.Ct. 2507, 192 L.Ed.2d 514 (2015) ("*Inclusive Communities*") "may materially affect the resolution of this

---

1. The Court held that the City lacked statutory standing because its claims fell outside of the zone of interests protected by the FHA and because the City's allegations were insufficient to demonstrate proximate causation be-

tween Defendants' allegedly discriminatory lending practices and the foreclosures on Defendants' loans in minority neighborhoods and to minority borrowers that the City claimed caused it economic harm.

case." Appeal Op. at 1286. Thus, it instructed that:

> Any newly pled complaint must take into account the evolving law on disparate impact in the FHA context. Without the new pleadings before us, we have no occasion to pass judgment on how *Inclusive Communities* will impact this case, but we flag the issue both for the parties and for the district court on remand.

Appeal Op. at 1287.

On November 30, 2015, the City filed its Second Amended Complaint. [DE 40] ("SAC"). Defendants now move to dismiss the SAC on the grounds that (1) the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") deprives this Court of jurisdiction over "any claim relating to any act or omission" of Washington Mutual Bank ("WaMu"), a failed bank; (2) the City engages in improper group pleading; (3) the City fails to allege a timely violation of the FHA; and (4) the City fails to plead a disparate impact claim under *Inclusive Communities*. For the reasons set forth below, the Court grants Defendants' Motion to Dismiss.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868

(2009) (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1066 (11th Cir.2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal,* 129 S.Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry,* 738 F.3d 1246, 1251 (11th Cir.2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir.2012).

### B. FIRREA Deprives This Court Of Jurisdiction Over the SAC

The Complaint defines "JPMorgan" to specifically include Washington Mutual Bank ("WaMu"), a failed bank, and seeks to impose liability based upon WaMu's lending conduct. *See* SAC [DE 40] at ¶¶ 3 n.1, 34, 44. Therefore it is impossible to discern from the City's allegations whether its FHA claim is based exclusively on WaMu's conduct, rather than any Chase Defendant's conduct, or, at a minimum, which allegations pertain to WaMu and which pertain to a Chase Defendant. As a result, Defendants argue that the SAC should be dismissed for two independent reasons: (1) the action is precluded by FIRREA's absolute jurisdictional bar; and (2) the SAC fails to allege facts to demon-

strate that the Chase Defendants assumed the disputed liabilities of WaMu. The Court agrees.

■ First, pursuant to FIRREA's absolute jurisdictional bar the Court lacks subject matter jurisdiction over "any claim relating to any act or omission of [a failed depository] institution," unless and until the claimant exhausts its administrative remedies with the FDIC. 12 U.S.C. § 1821(d)(13)(D). Any claims based upon WaMu lending activities are subject to FIRREA's mandatory administrative review process, which the City does not allege it has satisfied. Thus, the Court lacks subject matter jurisdiction over any claim based upon WaMu's lending conduct, including the FHA claim pled in the SAC, which attempts to allege a claim against the Chase Defendants that expressly arises from WaMu's lending activities. *See, e.g., Lazarre v. JPMorgan Chase Bank, N.A.,* 780 F.Supp.2d 1320, 1327 (S.D.Fla.2011) ("Because [plaintiff]'s claims against Chase relate to an act of WaMu, they are subject to the administrative exhaustion requirement of section 1821(d) … The Court lacks subject-matter jurisdiction over [plaintiff]'s claims against Chase because [plaintiff] did not first present them to the FDIC for administrative review and adjudication.").

Moreover, because the alleged misconduct may relate only to WaMu's lending and because it appears impossible to excise these FIRREA-barred WaMu allegations from the SAC, the City's SAC must be dismissed for lack of subject matter jurisdiction. *See City of Los Angeles v. JPMorgan Chase & Co.,* 2014 WL 3854332 at *7–8 (C.D.Cal. Aug. 5, 2014) (dismissing entire complaint because "Court cannot excise the allegations related to WaMu from the remainder of the allegations" and be-

cause "key aspects of the Complaint are tainted with allegations of conduct related to WaMu's lending activities").

■ Second, even if the City could overcome the hurdle of FIRREA's absolute jurisdictional bar, the SAC nonetheless fails to state an FHA claim based in whole or in part on loans issued by WaMu because the SAC's factual allegations fail to demonstrate that a Chase Defendant expressly assumed liability for WaMu's lending activities. The liabilities of a failed bank do not transfer to an institution that acquires the assets of that failed bank absent an express written assumption of those liabilities. *See S. Miami Holdings LLC v. F.D.I.C.,* 2012 WL 4644716 at *2 (S.D.Fla. July 26, 2012), *aff'd,* 533 Fed. Appx. 898 (11th Cir.2013). Moreover, the September 2008 Purchase and Assumption Agreement ("P & A Agreement") between the FDIC and Chase Bank, which the SAC relies upon and quotes, expressly excludes borrower claims, as well as claims arising in connecting with WaMu's lending activities from the liabilities Chase Bank was assuming. *See* [DE 42–1] at § 2.5; *see also Arms v. J.P. Morgan Chase & Co.,* 451 Fed.Appx. 882, 884 (11th Cir.2012) (interpreting Section 2.5 of the P & A Agreement to hold that "Chase expressly did not assume any liabilities associated with the [WaMu] loan contracts"); *City of Los Angeles,* 2014 WL 3854332 at *5.

## C. Improper group pleading requires dismissal of the SAC

■ Defendants also argue that the Court must dismiss the SAC for impermissibly lumping together four separate corporate defendants under the fictional name "JPMorgan," including a parent holding company (Chase & Co.), a non-existent entity (JPMorgan Chase), two affiliates

(Chase Bank and Chase Manhattan Bank USA, N.A.), and nine predecessor companies over an eight-year period, and then making undifferentiated allegations against that composite entity. The Court agrees. The City's failure to allege facts as to each of these Chase-related Defendants violates Rule 8 and *Twombly/Iqbal*, requiring dismissal of the City's FHA claim without prejudice. *See Naftali v. Capasso*, 2015 WL 4483995, at \*4 (S.D.Fla. July 22, 2015) ("When a complaint indiscriminately lumps all defendants together it fails to comply with Rule 8.") (quoting *Joseph v. Bernstein*, 2014 WL 4101392, at \*3 (S.D.Fla. Aug. 19, 2014).

### D. Statute of limitations and FHA Disparate impact claim

In addition to the unique, independent grounds for dismissal set forth *supra*, the SAC also suffers from the same fatal defects regarding the statute of limitations and the pleading of an FHA disparate impact claim as the second amended complaints in *City of Miami v. Bank of America Corp, et al.*, case no. 13–cv–24506–WPD, and *City of Miami v. Wells Fargo & Co. et al*, case no. 13–cv–24508–WPD, which the Court dismissed today by separate orders. Those dismissal orders are adopted and incorporated herein. Any amended complaint must also be consistent with the Court's discussion and analysis set forth in those Orders.

### III. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendants' Motion to Dismiss the SAC [DE 42] is hereby **GRANTED**;

2.  The SAC [DE 40] is **DISMISSED** in accordance with this Order;

3.  The City is granted leave to file an amended complaint, consistent with this Order, on or before April 15, 2016; a failure to do so shall result in the Court closing this case.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 17th day of March, 2016.